PETER YEPPERSON V. THE STATE.

Though a table kept in a public place upon which games are played is usually kept for the fees of the table, and not for gaming, yet if a game be played for money, the keeper may be properly found guilty of keeping it for the purpose of gaming, in the absence of proof that the money was bet without his knowledge or consent.

APPEAL from Titus. Tried below before the Hon. J. D. McAdoo.

Peter Yepperson was found guilty of keeping a gaming table, called "pigeon-hole," for the purpose of gaming, in a public place, upon the following evidence:

It was shown that the "pigeon-hole" table was licensed, and the exhibitor of the same usually charged for its use fifteen cents. Sometimes the players, instead of paying the fees, would buy drinks of liquor from the keeper, which were paid for sometimes by the loser and at others by the winner. One witness swore that he knew the table was kept for the fees, and not for gaming. The State proved by one who frequently witnessed games played on the table that he saw money bet on it once, and but once, but the evidence did not disclose whether the keeper was then present or not.

*John P. Hill*, for appellant.

*Browne*, for the State.

WALKER, J.—We might, by a very elastic use of our credulity, conclude that the gaming table here in question stood very innocently and without illegal or sinister occupation in the house of the appellant, were not the contrary proved ; but the proof shows that this otherwise innocent and unobnoxious table was used to bet money on, and we are therefore of the opinion that the appellant cannot be excused, under the somewhat ingenious and facetious "pigeon-holed case" reported in 33 Texas, 331. The judgment of the District Court is affirmed.

AFFIRMED.